IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                  Case No. 2:11-cr-219

Bobby G. Ferguson

ORDER

This matter is before the court on the defendant's motion for review of the detention order (Doc. 25) entered by the magistrate judge on September 22, 2011. The court has considered the record of the detention hearing held before the magistrate judge, and also received further testimony and evidence at a hearing on October 25, 2011.

Review of a detention order pursuant to 18 U.S.C. §3145(b) is de novo. Under 18 U.S.C. §3142(e), a judicial officer shall order the detention of the defendant pending trial if he finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of the community. Under 18 U.S.C. §3142(g), factors to be considered include the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, including family and community ties, residence in the community, employment and criminal history, and the nature of any danger to persons in the community which would be posed by defendant's release.

Subject to rebuttal by the defendant, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is

prescribed by the Controlled Substances Act, 21 U.S.C. §801 et seq. 18 U.S.C. §3142(e). The indictment in this case, which charges defendant with one count of conspiracy to distribute and to possess with the intent to distribute over five kilograms of cocaine in violation of 21 U.S.C. §846, is sufficient to establish probable cause to believe that the defendant committed an offense that triggers the presumption in favor of detention. See United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)

The presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person or the community. United States v. Woods, 230 F.3d 1361 (table), 2000 WL 1478370 (6th Cir. 2000). the government is then required to demonstrate risk of flight by a preponderance of the evidence and danger to the community by clear and convincing evidence. Hazime, 762 F.2d at 37. However, the presumption does not vanish simply because a defendant comes forward with evidence to rebut it. Rather, "the rebutted presumption retains evidentiary weight." United States v. Dillon, 938 F.2d 1312, 1316 (1st Cir. 1991).

In this case, the defendant is charged with a serious offense which carries a possible sentence of incarceration of ten years to life. The defendant has a prior criminal record which includes failures to appear. However, the convictions are primarily for minor traffic offenses. The defendant has resided in Columbus, Ohio, for most of his life, and he has family members who reside here. He has acknowledged using marijuana in the past, but claims that his last use was a year ago. He has been employed as part owner of the Icon Bar & Lounge, and is self-employed in his own business, Ferguson Entertainment. Defendant has produced evidence which indicates that his release on bond would not pose a flight

risk or a danger to the community.

Upon consideration of the record, the court concludes that a combination of conditions may be imposed which will reasonably assure the appearance of the defendant and the safety of the community. The requirements of an unsecured bond in the amount of $10,000, that defendant reside with his parents under home confinement with electronic monitoring, and that defendant surrender his passport will reasonably assure the appearance of defendant as required. The requirements that defendant refrain from the possession of firearms and other dangerous weapons and participate in urinalysis screening and substance abuse treatment at the direction of the pretrial services officer will reasonably assure the safety of the community.

Defendant's motion (Doc. 28) for revocation of the detention order is granted. Defendant will be released from custody under the conditions included in a separate order setting the conditions of defendant's release.

Date: October 25, 2011        s/James L. Graham
                              James L. Graham
                              United States District Judge